UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOWANDA B. o/b/o A.N.B.,

                Plaintiff,

   v.                                    5:24-CV-1022
                                             (AJB/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     JASON P. PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL   KRISTINA D. COHN, ESQ.
Attorney for Defendant
Office of Program Litigation – Office 2
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

     Currently before the Court in this Social Security action are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

Dkt. Nos. 14 & 16. Plaintiff has filed a Reply. Dkt. No. 17. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be granted, Defendant's Motion for Judgment on the Pleadings be denied, and the Commissioner's decision denying Plaintiff disability benefits be remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Procedural History

A.N.B. is a minor child and her mother applied for supplemental security income ("SSI") on her behalf on October 13, 2021. Dkt. Nos. 10 & 13, Admin. Tr. ("Tr."), p. 106. Plaintiff's application was initially denied on February 2, 2022. Tr. at p. 115. Plaintiff, thereafter, requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 16, 2023. Tr. at pp. 1294-1308. On November 1, 2023, the ALJ issued a written decision finding claimant was not disabled under the Social Security Act. Tr. at pp. 19-25. On June 27, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-7.

### B. The ALJ's Decision

The ALJ's November 1, 2023 decision made the following findings of fact and conclusions of law. First, the ALJ found that claimant was a newborn/young infant on October 13, the date that the SSI application was filed, and was an older infant/toddler

at the time of the ALJ's decision. Tr. at p. 20. Next, the ALJ found that claimant had not engaged in substantial gainful activity since the application date. *Id.* The ALJ then found that claimant's asthma was a severe impairment. *Id.* The ALJ also found that claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 20-21. At the next step, the ALJ found that claimant did not have an impairment or combination of impairments that functionally equals the severity of the Listings. Tr. at pp. 21-25. As part of this analysis, the ALJ considered the claimant's limitations in each of six functional domains. *Id.* The ALJ found that she had "no limitation" with regard to (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving and manipulating objects, and (5) caring for herself. *Id.* The ALJ found that claimant had a marked limitation in health and physical well-being. *Id.* Because Plaintiff did not have an impairment or combination of impairments that resulted in either marked limitations in two domains of functioning or an extreme limitation in one domain of functioning, the ALJ found that claimant was not disabled. Tr. at p. 25.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's

position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability of a Child

To qualify for social security income, a child under the age of eighteen must have "a medically determinable physical or mental impairment which results in marked and severe functional limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C). The Social Security Regulations provide a three-step sequential analysis to determine whether a child is disabled and therefore eligible for SSI. *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 140 (N.D.N.Y. 2012).

First, the ALJ is to consider whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a medically determinable impairment that is severe. 20 C.F.R. § 416.924(c). Third, if the ALJ finds a severe impairment, he must then consider whether the impairment medically or functionally equals a disability in the Listings. 20 C.F.R. § 416.924(c)-(d).

There are three separate ways by which a claimant may establish that his impairment is medically equivalent to a listed impairment. 20 C.F.R. § 416.926(b). First, a claimant who has an impairment described in the listed impairments, but "do[es] not exhibit one or more findings specified in the particular listing, or ... [does] exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing," may establish medical equivalence by demonstrating other findings related to his impairment "that are at least of equal medical significance to the required criteria" of the listed impairment. 20 C.F.R. § 416.926(b)(1). Second, a claimant who has an impairment not described in the listed impairments may establish medical equivalence by demonstrating findings related to his impairment that "are at least of equal medical significance" to those of a "closely analogous listed impairment[ ]." 20 C.F.R. § 416.926(b)(2). Third, a claimant who has a combination of impairments, none of which are described in the listed impairments, may establish medical equivalence by demonstrating findings related to his combination of impairments that "are at least of equal medical significance to those of a[n] [analogous] listed impairment. 20 C.F.R. § 416.926(b)(3).

To demonstrate functional equivalence to a disability, the child must exhibit a "marked" limitation in two of six functional domains, or an "extreme" limitation in one functional domains. The domains are 1) the child's ability to acquire and use information, 2) the child's ability to attend and complete tasks, 3) the child's ability to

interact and relate with others, 4) the child's ability to move about and manipulate objects, 5) the child's ability to care for himself, and 6) the child's health and physical well-being. 20 C.F.R. § 416.926(b)(1).

A child has a "marked" limitation if the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926(e)(2)(i). An "extreme" limitation exists when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926(e)(3)(i).

### III. ANALYSIS

Plaintiff seeks relief based on the purported failure of the ALJ to properly evaluate the opinion evidence, develop the record, and evaluate the claimant's symptomology. Dkt. No. 14, Pl.'s Mem. of Law at pp. 6-13; *see also* Dkt. No. 17. Defendant contends no errors were made that warrant remand. Dkt. No. 16, Def.'s Mem. of Law at pp. 5-12.

#### A. ALJ's Review of the Opinion Evidence

*1. State Agency Medical Consultants*

An ALJ has a legal obligation "to adequately explain his reasoning in making the findings on which his ultimate decision rests, and in doing so must address all pertinent evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010). Compliance with this obligation permits a reviewing court to "judge the adequacy of [the ALJ's]

conclusions." *Rivera v. Sullivan*, 771 F. Supp. 1339, 1354 (S.D.N.Y. 1991). Where an ALJ fails to provide a rationale for a particular determination, the evidence in the record must permit a reviewing court to "glean the rationale of the ALJ's decision." *Monguer v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Consequently, if a review of the record does not allow the reviewing court to understand the ALJ's reasoning, remand is warranted. *See, e.g.*, *Hernandez v. Astrue*, 814 F. Supp. 2d 168, 187 (E.D.N.Y. 2011) (remanding for ALJ to explain rationale more clearly).

"The revised regulations for evaluating opinion evidence place substantial emphasis on both supportability and consistency and require the ALJ to explain the analysis of each of those factors." *Balotti v. Comm'r of Soc. Sec.*, 605 F. Supp. 3d 610, 621 (S.D.N.Y. 2022). "To analyze supportability, the ALJ must conduct 'an inquiry confined to the medical source's own records that focuses on how well a medical source supported and explained their opinion.'" *Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 30 (S.D.N.Y. 2022) (quoting *Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)). The persuasiveness of a medical opinion from a medical source or prior administrative finding depends on its relevancy to the objective medical evidence and the source's supporting explanations. 20 C.F.R. § 416.920. "On the other hand, to analyze consistency, the ALJ must conduct 'an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.'" *Ayala*

*v. Kijakazi*, 620 F. Supp. 3d at 30 (quoting *Vellone v. Saul*, 2021 WL 319354, at *6). That analysis of the record is not sufficiently detailed in the ALJ's decision.

The ALJ found the prior medical findings of the state agency medical consultants persuasive. Tr. at p. 24. In support of that finding he noted:

> Their findings were well supported with explanations and references to the medical record. Their findings are consistent with the record as a whole for the reasons discussed above. This includes an opinion from the claimant's pediatrician, noted below.

*Id.* (internal citations omitted).

"Although an ALJ's assessment of supportability need not be overburdensome, a clear explanation of how supportability was assessed is necessary." *Philip B. v. Comm'r of Soc. Sec.*, 2024 WL 5454787, at *4 (N.D.N.Y. Oct. 24, 2024), *report and recommendation adopted*, 2025 WL 540372 (N.D.N.Y. Feb. 19, 2025) (internal citation omitted). Here, the ALJ's finding that the opinions at issue were well supported was entirely conclusory. "Both supportability and consistency in part require comparison of the medical opinions with other medical sources. A conclusory analysis of these factors precludes the Court from undertaking meaningful review of the ALJ's decision." *Melissa S. v. Comm'r of Soc. Sec.*, 2022 WL 1091608, at *3 (N.D.N.Y. Apr. 12, 2022) (internal citations omitted).

Defendant supports the ALJ's conclusion with significant discussion of record evidence that would justify a conclusion that the findings were well supported and consistent with the record. Def.'s Mem. of Law at pp. 6-8. The evidence relied on to

9

do so, however, was by and large not discussed by the ALJ in actually rendering the decision, or at least in concluding that the prior administrative medical findings ("PAMFs") were persuasive. *See* Tr. at p. 24. The Court cannot affirm the decision based on Defendant's post-hoc rationale. *Paige G.P. v. O'Malley*, 2024 WL 2027634, at *3 (N.D.N.Y. Mar. 18, 2024), *report and recommendation adopted sub nom. Paige P. v. Comm'r of Soc. Sec.*, 2024 WL 2023502 (N.D.N.Y. May 6, 2024); *Beth Marie N. v. Comm'r of Soc. Sec.*, 2023 WL 6065309, at *6 (N.D.N.Y. Aug. 9, 2023), *report and recommendation adopted*, 2023 WL 6065945 (N.D.N.Y. Sept. 18, 2023). The Court, therefore, recommends finding that the ALJ erred in his evaluation of the opinions of the state agency medical consultants insofar as it did not comply with the statutory requirements.

Error is harmless where proper analysis would not have altered the ALJ's conclusion and "the substance of the [regulation] was not traversed." *Scott A.C. v. Kijakazi*, 2022 WL 2965585, at *3 (N.D.N.Y. July 27, 2022). However, an ALJ commits reversable error when his or her decision "fail[s] to assess and articulate" medical opinions of record. *Johnathan W. v. Saul*, 2021 WL 1163632, at *7 (N.D.N.Y. Mar. 26, 2021). Remand is required if the ALJ does not appropriately "explain the supportability or consistency factors." *Rivera v. Comm'r of Soc. Sec.*, 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020) (internal quotation marks omitted); *see also*

*Jennifer G. v. Comm'r of Soc. Sec.*, 2023 WL 8435991, at *9-10 (remanding where the ALJ failed to "meaningfully discuss" the consistency of the medical opinions).

As noted above, the ALJ failed to properly engage in an analysis of the PAMFs, making it impossible to decipher his rationale and assess whether the error was harmless. *Scott A.C. v. Kijakazi*, 2022 WL 2965585, at *3 (N.D.N.Y. July 27, 2022) (finding harmless error where court could "glean the ALJ's consideration" of the supportability and consistency factors). "The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings." *Shanaye S.M. v. Comm'r of Soc. Sec.*, 2019 WL 1988672, at *4 (N.D.N.Y. May 6, 2019) (citing cases). Because the ALJ failed to do so for the PAMFs, the Court does not believe the error identified with respect to those opinions can be found harmless and, therefore, remand is recommended.

### 2. Dr. Campbell

Plaintiff also objects to the ALJ's findings regarding the opinion of Dr. Megan Campbell. Pl.'s Mem. of Law at pp. 10-11. The Court recommends finding no error with respect to the ALJ's evaluation of Dr. Campbell's opinion. The ALJ concluded, based on Dr. Campbell's opinion, that Plaintiff had a marked limitation in the domain of health and physical well-being. Tr. at p. 25. Dr. Campbell's opinion noted no or mild loss in every other domain category. Tr. at pp. 1290-1292. In asserting error on the part of the ALJ, Plaintiff argues only that "[a]dequate discussion of consistency might have

11

revealed" consistency with other reports in the record and that "[t]his should have prompted a [different] conclusion." Pl.'s Mem. of Law at p. 10. Even were there an error with regard to the consistency analysis, these arguments would not be sufficient to warrant remand. First, such conclusory arguments about what might have happened are not an appropriate basis for relief. *Heather P. v. Comm'r of Soc. Sec.*, 2024 WL 4347338, at *4 (W.D.N.Y. Sept. 30, 2024); *Cynthia A. E. v. Comm'r of Soc. Sec.*, 2023 WL 9116628, at *7 (N.D.N.Y. Oct. 17, 2023), *report and recommendation adopted sub nom. Cynthia E. v. Comm'r of Soc. Sec.*, 2023 WL 8432332 (N.D.N.Y. Dec. 5, 2023). Second, these arguments are clearly aimed at the manner in which the ALJ weighed the evidence before him. However, this Court should not second-guess the ALJ's weighing of the evidence. *See Marion A. v. Comm'r of Soc. Sec.*, 2019 WL 13499951, at *11 (N.D.N.Y. Mar. 28, 2019).

### *3. Development of the Record*

The Court also does not find that the ALJ failed to develop the record. *See* Pl.'s Mem. of Law at p. 11. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)). Plaintiff's counsel "has not established beyond conclusory assertions that the record was insufficient for the ALJ to make his determination."

*Kaliegh O. on behalf of S.S.T. v. Berryhill*, 2018 WL 4054098, at *9 (N.D.N.Y. Aug. 24, 2018) (internal citation omitted).

### B. The ALJ's Evaluation of the Claimant's Symptomology

Plaintiff also objects to the ALJ's evaluation of the claimant's symptomology. Pl.'s Mem. of Law at pp. 11-13. Specifically, she argues that the ALJ erred in his conclusions regarding the consistency of testimony from Plaintiff about her child's asthma. *Id.* at p. 12.

While Plaintiff contends that the "ALJ did not reference Plaintiff's need to go to Claimant's daycare to perform treatment or Plaintiff's testimony regarding Claimant's inability to sit still to calm down," *id.*, the record suggests to the contrary. The ALJ did specifically note claimant's daily treatments. Tr. at p. 22. He did not state that they took place at daycare, but it is unclear why this fact matters. Similarly, the ALJ specifically noted that the claimant becomes easily upset, *id.*, which seems to address the same concerns as Plaintiff's reliance on the inability to sit still. The ALJ is obligated to "carefully consider all the evidence presented by claimants regarding their symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) The ALJ's determinations in this regard are generally afforded significant deference, *see Shari L. v. Kijakazi*, 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022), and the record here raises no questions that warrant further consideration upon remand,

other than to note that a fresh consideration of the PAMFs may be relevant to this analysis.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 14) be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 16) is **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REVERSED** and the matter be **REMANDED pursuant to section four** for further proceedings; and it is

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

72 & 6(a).

Dated: October 29, 2025
   Albany, New York

              _____
              Daniel J. Stewart
              U.S. Magistrate Judge